## Gaetano v. Sharon Herald Publishing Co.

*Louis C. Glasso* and *Leonard L. Martino*, for plaintiffs.

*Brockway, Brockway & Kuhn*, for defendants.

HESTER, J., November 18, 1966. — Plaintiffs have instituted an action in trespass alleging a libelous publication by defendants. In response to the complaint, defendants have entered preliminary objections relating to propriety of venue in this court. The matter is now before this court for disposition.

Sharon Herald Publishing Company has its principal place of business in Sharon, Mercer County, Pa. It produces and publishes a daily newspaper known as "The Sharon Herald", hereinafter referred to as the "newspaper".

On June 1, 1966, the edition of the newspaper forming the basis for this cause of action was printed and distributed. The printing was done at the newspaper's plant in Sharon. A total of 25,473 copies of same were distributed, 25 of which were circulated in Allegheny County through the United States mails. Delivery of these 25 copies in Allegheny County took place on June 2, 1966.

The author of the alleged libelous article was Mairy Jayn Woge, who is an employe of said newspaper and a resident of Mercer County.

Plaintiffs initiated this action in Allegheny County and obtained jurisdiction over defendants through the method of the Sheriff of Allegheny County, deputizing the Sheriff of Mercer County to serve the necessary papers upon defendants.

Defendants contend that the Court of Common Pleas of Allegheny County should not undertake to determine the trespass action by virtue of the fact that it lacks proper venue. Defendants allege that exclusive jurisdiction lies with the courts of Mercer County. This is based upon the fact that all of the

papers in question were printed in Sharon and the majority were distributed therein.

## DISCUSSION

The issue presented to this court for determination is a difficult one. It is defendants' contention that plaintiffs must initiate their lawsuit at the place of secondary dissemination. Defendants have been unable to locate any Pennsylvania case which might aid this court in making such a determination. This would thereby be a case of first impression in this Commonwealth.

After consideration of the arguments presented by the parties, and following a thorough review of the excellent briefs submitted to the court, it is our opinion that venue does properly lie within this county.

Under our Rules of Civil Procedure, Pa. R. C. P. 2179 relating to Venue, states:

"(a) Except as otherwise provided by an Act of Assembly or by Subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in

"1. the county where its registered office or principal place of business is located;

"2. a county where it regularly conducts business.

"3. *the county where the cause of action arose; or*

"4. a county where a transaction or occurrence took place out of which the cause of action arose". (Italics supplied).

The primary question to be determined, of course, is whether the cause of action alleged by plaintiffs arose in Allegheny County. We take cognizance of the fact that the phrase "cause of action" is somewhat vague and subject to interpretation. However, the basic connotation of this phrase relates to the existence of all facts necessary to permit recovery. The mere fact that several causes of action might arise is not

determinative by way of a limitation on a choice to a particular plaintiff. It may well be that plaintiffs could have initiated their action on the publication in Mercer County on June 1. However, there being a publication also on June 2 in this county, there seems no reason nor justification for plaintiffs to be precluded from acting on the second publication as opposed to the first. We are not persuaded by the reasoning that a number of other jurisdictions have ruled to the contrary. It is suggested that such a practice will lead to "shopping for forums". Where there can be but one action under a single publication rule as there is in Pennsylvania, defendants would not necessarily be prejudiced by virtue of a selection of a forum. It must be remembered that plaintiffs are alleging a wrong. There seems no reason why they cannot select the place of the injury so long as there is legitimate basis for such selection.

It is undenied that 25 copies of this newspaper were disseminated in Allegheny County. The legal definition of libel requires a publication. Publication in this sense refers to a revelation of the libelous material to third persons. There is no question that this is a necessary element for this tort. We, therefore, must conclude that a publication did occur in Allegheny County sufficient upon which plaintiffs could base their cause of action. It must be remembered that by virtue of this publication does the injury occur.

It would appear that publication occurred in both Mercer County and Allegheny County. The Uniform Single Publication Act of August 21, 1953, P. L. 1242, sec. 1, 12 PS §2090.1, limits plaintiff to one cause of action. We are of the considered opinion that the more equitable approach to the problem would be to extend to plaintiffs the choice of the forum. The county where the cause of action arose would, therefore, be any county wherein a publication occurred. Plaintiffs are restricted to one forum and one only. Here, plaintiffs

have seen fit to exercise the option extended to them by the law by instituting the within proceedings in Allegheny County. This was their privilege. All phases of this alleged cause of action must now be presented to the Allegheny County Court.

It would follow, therefore, that the preliminary objections raised by defendants should be refused.

### ORDER OF COURT

And now, to wit, November 18, 1966, the foregoing preliminary objections filed by defendants having been argued before the court, following consideration thereof and following an examination and study of the excellent briefs submitted by counsel, it is hereby ordered, adjudged and decreed that said preliminary objections be and the same are hereby dismissed. Defendants are accorded a period of 20 days from the receipt of a copy of this order to file an answer.